Dear Mayor Jones:
You have asked this office to advise if the Village of Natchez may accept volunteer police help from a police officer already employed by the City of Natchitoches. The Village of Natchez needs to hire a new police officer, but lacks the funds to do so, and this particular person would like to volunteer his time because the Village of Natchez is his hometown.
We first point out that the Louisiana Dual Officeholding and Dual Employment law prohibits one from holding two positions of full-time employment or a position of full-time employment and a position of full-time appointive office. See La.R.S. 42:63(E).[1] Here, however, a volunteer police officer cannot be considered "employed" with the police department for purposes of La.R.S. 42:63(E) because his service is uncompensated. Further, we assume no village ordinance exists specifically creating this volunteer position as an appointive office. Thus, it is the opinion of this office that the dual officeholding provisions would not prohibit the Village of Natchez from accepting volunteer police personnel.
Next, we point out that our research reflects nothing in the law which would prohibit volunteer police assistance for the Village of Natchez. According to the 2000 federal decennial census, the population of the Village of Natchez was 583. This fact is relevant because the statutory law pertaining to minimum salaries paid in police departments (see
La.R.S. 33:2212.1) and the appointment of police officers in the classified service (see La.R.S. 33:2531, et seq.) is only *Page 2 
applicable to municipalities with a population of not less than seven thousand. Thus, these provisions would not otherwise limit or restrict the ability of the Village of Natchez to appoint voluntary police personnel.
Further, the Village of Natchez is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq. In a Lawrason Act municipality, the authority to hire and fire police personnel is vested in the mayor and the board of aldermen, under La.R.S. 33:362(A)(3), which provides "subject to law . . . and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." "Municipal employees" includes police department personnel, and all employees of the police department, including part-time and volunteer auxiliary officers, are included in the term "police personnel." See La. Atty. Gen. Ops. 00-113 and 99-48. Thus, here we advise that in the Village of Natchez, the mayor and the board of aldermen have the sole authority to hire and fire police department employees, including volunteer police personnel.
We also mention that a volunteer police officer would have to be properly commissioned to perform the duties of a peace officer. See
La.R.S. 40:2405(2).[2]
There are potential liability concerns regarding the acts of volunteer police officers. In La. Atty. Gen. Op. 80-660, this office explained the issue, as follows:
La. Civil Code Art. 2320 state that `masters and employees are answerable for the damages occasioned by their servants in the exercise of the function which they are employed.' Thus, towns are liable for the acts of regularly employed police officers when committed within their scope of employment. Jones v. City of Lake Charles, 295 So.2d 914
(La. App. 3rd Cir. 1974). Moreover, a town may also be liable for the acts of volunteer police officers since the volunteer must be commissioned, and the town thus has knowledge of his position. This creates a master-servant relationship between the volunteer and the town and the volunteer *Page 3 
will be treated in the same manner as a regularly employed police officer.
As this office advised in Opinion 80-660, the Village of Natchez may avoid liability for the acts of its volunteer officers where such volunteer personnel are properly commissioned and trained regarding those duties and obligations of a police officer.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:63(E) provides: E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
[2] La.R.S. 40:2405(2) provides:
(2) In addition, any person employed or commissioned as a peace officer, reserve police officer, or part-time peace officer prior to July 1, 1998, including those persons employed as such prior to January 1, 1986, who has not satisfactorily completed a basic firearms training program, shall do so no later than August 1, 1999. All other such persons who begin employment subsequent to July 1, 1998 shall satisfactorily complete a basic firearms training program prescribed by the council within one calendar year from the date of initial employment. Any person who does not comply with the provisions of this Paragraph shall be prohibited from exercising the authority of a peace officer, reserve peace officer, or part-time peace officer; however, such persons shall not be prohibited from performing administrative duties.